**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROSA I. ARELLANO,

      Appellant,

     v.

DEPARTMENT OF HOMELAND
  SECURITY,

      Agency.

DOCKET NUMBER
DA-0752-17-0230-I-1

DATE:  January 24, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lorenzo W. Tijerina</u>, Esquire, San Antonio, Texas, for the appellant.

<u>Robert H. Moore</u>, Esquire, and <u>David V. Sorola</u>, Esquire, Del Rio, Texas,
  for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed her removal for inability to perform the essential duties of her position. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, except as expressly MODIFIED to set forth the proper standard for evaluating an affirmative defense of discrimination. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The agency employed the appellant as a Customs and Border Protection (CBP) Officer, GS-1895-12. Initial Appeal File (IAF), Tab 5 at 29. Her position required her to perform duties of a strenuous and hazardous nature, including using a firearm, wearing a gun belt to carry her firearm and other "personal protection equipment," standing and walking for long periods, running or sprinting for 150 feet, lifting and carrying up to 85 pounds, pushing and pulling, and climbing using both hands and feet. *Id.* at 94, 97-109. On December 4, 2015, she submitted medical documentation from her treating physician assistant indicating that she had back and leg pain due to a herniated disc and that she could not wear her gun belt until further treatment "in January." *Id*. at 137. She requested temporary light duty, which the agency approved on December 10, 2015. *Id.* at 135. Following the initial approval of her temporary light duty request, the appellant submitted monthly requests for light duty accompanied by

authorizations to return to work with restrictions written by her physician assistant. *Id.* at 144-50, 159-60.

On July 25, 2016, the Assistant Port Director instructed the appellant to provide administratively acceptable medical documentation containing the following information: a diagnosis of her condition and resulting impairments; an explanation of how her condition affected her ability to perform her duties; a prognosis; recommendations regarding any specific accommodation she needed; and a medical opinion regarding whether she was physically capable of using a firearm and performing "necessary force requirements."[2] *Id.* at 130-31. In response to this request, the appellant provided an August 2016 medical evaluation from her treating physician assistant stating, among other things, that her back, neck, and leg conditions limited her ability to sit, stand, and walk, and precluded her from lifting more than 20 pounds, running, climbing stairs, performing necessary force requirements, and using a firearm. *Id.* at 128-29. He stated that her "current prognosis is not stable, her symptoms are debilitating in nature and possibly may require surgical intervention for symptomatic relief of lower back pain and left lower extremity pain since all other conservative treatments has [sic] failed to alleviate her symptoms." *Id.* at 128. He further opined that the appellant was "not expected to resume full performance of duties of her current position in the near future." *Id.*

By notice dated September 6, 2016, the Port Director instructed the appellant to report for a fitness-for-duty (FFD) examination to determine her ability to perform her duties as a CBP Officer. IAF, Tab 5 at 78-80. Following the FFD examination, another physician reviewed the results of the examination, the appellant's medical history, and the description, physical requirements, and medical standards of her CBP Officer position, and issued an FFD report dated

_____

[2] Necessary force requirements include the use of a firearm and nonlethal, intermediate techniques to protect and defend the life of oneself and others. IAF, Tab 5 at 95, 99, 131.

October 24, 2016.[3]  *Id.* at 82-84.  In the FFD report, the reviewing physician stated that the appellant was not fit for duty due to her lower back pain, noting that "[i]t is likely that since [the appellant's] back pain has not responded to different modalities of treatment in 3 years, she will not be able to safely perform the job duties of a CBP Officer for the foreseeable future."  *Id.* at 82-83.

On November 29, 2016, the agency proposed to remove the appellant on the basis of her inability to perform the essential duties of her position.  *Id.* at 59-62.  The single specification underlying the charge referenced the October 24, 2016 FFD report and its conclusion that she was not fit for duty.  *Id.* at 59-60.  The proposal notice stated that the agency conducted a job search for another position that would meet the appellant's qualifications and restrictions but that the search had been unsuccessful.  *Id.* at 60.  The appellant provided oral and written replies to the proposed removal.  *Id.* at 31, 36-48.  Effective February 14, 2017, the agency removed her.  *Id.* at 29, 31-34.

The appellant timely appealed her removal to the Board, arguing that the agency discriminated against her on the bases of her age, sex, and disability, committed harmful procedural error, and denied her due process.  IAF, Tabs 1, 14-15.  After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming her removal.  IAF, Tab 21, Initial Decision (ID).

The appellant has filed a petition for review of the initial decision, the agency has responded, and the appellant has submitted a reply.  Petition for Review (PFR) File, Tabs 1, 4-5.

---

[3] The October 24, 2016 FFD report revised an October 12, 2016 report, which incorrectly stated that the appellant had been on light duty since September 2013 due to lower back pain.  IAF, Tab 5 at 82, 85-86.  The record reflects that the appellant submitted a September 20, 2013 request for light duty but that the agency denied her request because there was no light duty position available.  *Id.* at 133-34.  The revised report correctly states that the appellant's treating clinician placed her on restricted duty on September 20, 2013, due to lower back pain but does not state that she remained on restricted duty for the following 3 years.  *Id.* at 82.

**ANALYSIS**

We discern no error in the administrative judge's ruling to allow the agency to submit the reviewing physician's affidavit in lieu of her live testimony.

Prior to the hearing, the agency informed the administrative judge that the reviewing physician, one of its approved witnesses, would be unable to testify on the date of the scheduled hearing because she had accepted a new job with a different employer and had training on that date. IAF, Tab 17. In lieu of the reviewing physician's testimony, the agency moved to submit her notarized affidavit.[4] IAF, Tab 19. During the hearing, the administrative judge granted the agency's motion over the appellant's objection and accepted the reviewing physician's affidavit into the record. IAF, Tab 20, Hearing Compact Disc (HCD). On review, the appellant argues that the administrative judge erred in permitting the agency to submit the reviewing physician's affidavit in lieu of live testimony because it deprived her of her "constitutional right to confront" the reviewing physician. PFR File, Tab 1 at 28-31, Tab 5 at 5-7. She argues that due process requires confrontation and cross-examination in this case because she is challenging her removal "as resting on incorrect or misleading factual premises or the misapplication of rules or policies to the facts of her particular case." PFR File, Tab 1 at 30.

As an initial matter, the agency, not the appellant, called the reviewing physician as a witness.[5] IAF, Tab 13 at 9, Tab 15 at 5. An agency proffers witnesses for its own—not for the appellant's—benefit. Therefore, neither the

_____

[4] The agency first moved to reschedule the hearing to a date that would allow the reviewing physician to testify, which the appellant opposed. IAF, Tabs 17-18. The administrative judge did not grant the agency's motion to reschedule the hearing.

[5] Although the appellant indicated in her prehearing submission that she "adopt[ed] all of the Agency's witnesses as the Appellant's," IAF, Tab 14 at 16, the administrative judge approved the reviewing physician as a witness for the agency only, IAF, Tab 15 at 5. She advised the parties that any objections to her order and summary of the prehearing conference, which included her rulings on witnesses, must be filed within 7 days. *Id.* at 6. Neither party filed an objection, and the appellant is therefore precluded from challenging the order regarding witnesses on review. *See Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 9 (2010).

agency nor the administrative judge was under any obligation to require the reviewing physician to appear at the hearing. *See Lohr v. Department of the Air Force*, 24 M.S.P.R. 383, 386 (1984). If the appellant wished to examine her at the hearing, it was incumbent upon her to call her as a witness. *See Dubiel v. U.S. Postal Service*, 54 M.S.P.R. 428, 432 (1992). Moreover, the appellant could have requested, but did not, a subpoena to compel the attendance of the reviewing physician at the hearing. *Id.*; 5 C.F.R. §§ 1201.41(b)(2), 1201.81. Furthermore, upon learning that the reviewing physician would be unavailable for the scheduled hearing, the appellant could have sought, but did not, a continuance to obtain her appearance at the hearing; rather, she opposed the agency's attempt to do just that. *See Dubiel*, 54 M.S.P.R. at 432; IAF, Tabs 17-18. Therefore, we find no merit to the appellant's contention that the administrative judge denied her due process because, even assuming she had a due process right to confront the reviewing physician at the hearing, she failed to avail herself of the Board's procedures that might have led to the reviewing physician's appearance at the hearing. *See Dubiel*, 54 M.S.P.R. at 432; *Lohr*, 24 M.S.P.R. at 386.

In addition, we find that the appellant has not shown that the administrative judge abused her broad discretion to regulate the course of the hearing and to receive relevant evidence by accepting the affidavit in lieu of hearing testimony. 5 C.F.R. § 1201.41(b)(3); *see Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011). Even if the appellant had made such a showing, she has not shown that the outcome of this appeal was affected. *See Thomas*, 116 M.S.P.R. 453, ¶ 4 (providing that, in order to obtain reversal of an initial decision on the ground that the administrative judge abused her discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed).

The administrative judge correctly determined that the agency proved the charge.

When, as here, a removal for inability to perform is based on a current medical condition, the agency must prove either a nexus between the employee's

medical condition and observed deficiencies in her performance or conduct, or a high probability, given the nature of the work involved, that her condition may result in injury to herself or others. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 15, 20.[6] In other words, the agency must establish that the appellant's medical condition prevents her from being able to safely and efficiently perform the core duties of her position. *Id.*, ¶ 20. The Board has indicated that the core duties of a position are synonymous with the essential functions of a position under the Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act, i.e., the fundamental job duties of the position, not including marginal functions. *Id.*, ¶ 21. One of the bases for finding that a function is essential is that it is the "reason the positions exists." *Id.*; 29 C.F.R. § 1630.2(n)(2)(i).

In the initial decision, the administrative judge found that wearing a gun belt and firearm were essential functions of the appellant's position as a CBP Officer. ID at 7. She further found that the medical evidence and hearing testimony established that the appellant's medical condition precluded her from performing those essential functions. *Id.* Thus, she concluded that the agency proved that there was a nexus between the appellant's medical condition and her inability to perform her job duties and sustained the charge. ID at 7-8.

On review, the appellant does not challenge, and we discern no basis to disturb, the administrative judge's finding that wearing a gun belt and firearm are essential functions of the CBP Officer position. PFR File, Tabs 1, 5. She appears to argue, however, that the administrative judge erred in relying on the FFD report to find that she could not perform those duties because the agency violated its procedures in forcing her to undergo the FFD examination. PFR File, Tab 1 at 20, Tab 5 at 5-8. She further appears to argue that the FFD report is not

---

[6] The Board recently clarified that this standard applies to charges of inability to perform involving a current medical condition or impairment even when, as in this case, the appellant occupies a position with medical standards or physical requirements. *Haas*, 2022 MSPB 36, ¶ 14.

probative regarding her ability to perform the duties of her position because it is "unauthenticated, un-notarized, undeclared pursuant to 28 USC [§] 1746, nor [sic] certified as a business record, statement" and because the reviewing physician did not personally examine her or ever speak to her.[7]  PFR File, Tab 5 at 5, 8.

In support of her contention that the agency improperly ordered her to submit to an FFD examination, the appellant argues that the proposing and deciding officials testified that the agency's policy is to order an FFD examination only after an employee has been on light duty for 1 year and that the agency violated this policy when it required her to submit to one, even though she had been on light duty for less than 1 year.  PFR File, Tab 1 at 20; HCD (the appellant's closing argument).  Contrary to her allegation, however, neither the proposing nor deciding official testified that the agency had such a policy, and the appellant has provided no other evidence in support of this argument.  HCD (testimony of the deciding and proposing officials).  Pursuant to 5 C.F.R. § 339.301(b)(3), an agency may require an individual who occupies a position with medical standards or physical requirements to report to a medical examination "[w]henever the agency has a reasonable belief, based on objective evidence, that there is a question about an employee's continued capacity to meet the medical standards or physical requirements of a position."  Here, the appellant's position was subject to medical standards and physical requirements, and the medical notes she submitted to the agency between September 2013 and June 2016 regarding her physical impairments and need for restricted duty provided the agency with a reasonable basis to question her ability to safely perform her duties.  IAF, Tab 5 at 94, 97-110, 128-29, 133, 137, 145, 148, 150, 160.  Therefore, we find that, contrary to the appellant's argument on review, the

---

[7] On review, the appellant also challenges the FFD report because it erroneously states that she had been medically restricted for 3 years.  PFR File, Tab 1 at 20.  As noted above, however, the revised report contains no such error.  *Supra* ¶ 4 n.3; IAF, Tab 5 at 82-83.

agency properly ordered her to submit to a FFD examination. *See* 5 C.F.R. § 339.301(b)(3).

We also find no merit in the appellant's contention that the FFD report is not probative regarding her ability to perform the essential functions of her position. In assessing the probative weight of medical opinions, the Board considers whether the opinion was based on a medical examination, whether the opinion provided a reasoned explanation for its findings as distinct from mere conclusory assertions, the qualifications of the expert rendering the opinion, and the extent and duration of the expert's familiarity with the appellant's medical treatment. *Adams v. U.S. Postal Service*, 108 M.S.P.R. 250, ¶ 13 (2008), *aff'd*, 309 F. App'x 413 (Fed. Cir. 2009). In addition, because neither the reviewing physician nor the physician assistant testified at the hearing, we must assess the probative value of their medical reports as hearsay evidence. *See Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-87 (1981). The Board generally evaluates the probative value of hearsay evidence by considering various factors that include the availability of persons with firsthand knowledge to testify at the hearing, whether the out-of-court statements were signed or in affidavit form, whether the declarants were disinterested witnesses to the events and whether their statements were routinely made, the consistency of the out-of-court statements with other statements and evidence, whether there is corroboration or contradiction in the record, and the credibility of the out-of-court declarant. *Id*.

Here, the agency represented that the reviewing physician was unavailable to testify at the hearing due to a conflict. IAF, Tabs 17-18. Her FFD report is signed, and she also submitted a notarized affidavit signed under oath discussing and affirming her findings in the FFD report. IAF, Tab 19. While she did not personally examine the appellant, her affidavit and the FFD report reflect that she conducted a comprehensive review of the relevant evidence, including the appellant's position description, the medical standards and physical requirements of her position, the FFD examination and bloodwork, the physician assistant's

report, and the appellant's 2013 and 2015-2016 requests for light duty and related correspondence. IAF, Tab 5 at 82-83, Tab 19 at 7 (citing IAF, Tab 5 at 82-84, 87-110, 112-24, 128-35, 138-40, 144-50, 153-55, 153-56, 159-60, 163). Her affidavit further reflects that she is a medical doctor and that she has been licensed to practice medicine in Virginia since 2014. IAF, Tab 19 at 6.

The availability of the physician assistant to testify at the hearing is unknown as neither party called him to testify. IAF, Tab 15 at 5. His medical report was signed, though not sworn. IAF, Tab 5 at 128-29. The record reflects that he had been treating the appellant for several months and was thus familiar with her treatment. *Id.* at 128-29, 137, 145, 148, 150, 160. His letterhead reflects that he is a Board Certified Physician Assistant at an office specializing in treatment of the spine. *Id.*

Both the reviewing physician's FFD report and the physician assistant's report contain reasoned explanations in support of their conclusions, are routinely made medical reports by disinterested medical providers, and are consistent with each other, the FFD medical examination, and other evidence of record. *See Adams*, 108 M.S.P.R. 250, ¶ 13; IAF, Tab 5 at 82-84, 111-29. Moreover, these reports are consistent with the appellant's own hearing testimony that she could not carry her gun belt in 2016. HCD (testimony of the appellant). The record is devoid of any evidence contradicting the conclusions of the reviewing physician and the physician assistant that the appellant was not fit for duty in 2016 and that she was not expected to be able to perform the full range of her duties in the near or foreseeable future.

In light of the foregoing, we find that both the FFD report and the physician assistant's reports are highly probative regarding the appellant's ability to perform the duties of her position and her prognosis. We further find that the administrative judge and the agency properly relied on this documentary evidence and agree that preponderant evidence demonstrates that the appellant's medical condition precluded her from performing the essential duties of her position. ID

at 7-8; *Haas*, 2022 MSPB 36, ¶¶ 15, 20. Thus, we discern no basis to disturb the administrative judge's determination that the agency proved the charge.

The appellant failed to establish discrimination based on disparate treatment.

The appellant argued below that the agency discriminated against her on the bases of age and sex by ordering her to furnish medical evidence regarding her ability to perform her duties and to submit to an FFD examination before she was on light duty for a full year. IAF, Tab 14 at 6; HCD (testimony and closing argument of the appellant). She alleged that certain male employees and employees under 40 years of age who had injuries or disabilities or who were on light duty were not sent for FFD examinations. IAF, Tab 14 at 6; HCD (testimony and closing argument of the appellant).

After the initial decision was issued, the Board clarified its analytical framework for sex and age status-based discrimination claims in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-25, and we apply that framework here. To establish a claim of discrimination based on age or sex, an appellant must prove by preponderant evidence that her membership in a protected class was a motivating factor in the contested personnel action, even if it was not the only reason. *Pridgen*, 2022 MSPB 31, ¶¶ 23-25. In determining whether the appellant has met his initial burden to show a motivating factor, the Board must consider all of the evidence together as a whole, without sorting evidence into different piles, labeled "direct" or "indirect," that are evaluated differently. *Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 36 (2017).

As noted above, the appellant relied on comparator evidence in support of her claim that the agency discriminated against her on the bases of age and sex. For another employee to be deemed similarly situated for purposes of an affirmative defense of discrimination based on disparate treatment, a comparator must have reported to the same supervisor, been subjected to the same standards

governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances.  *Pridgen*, 2022 MSPB 31, ¶ 27.

The administrative judge considered the appellant's claim that the agency treated male and younger employees more favorably by not requiring them to submit to an FFD examination but found that the appellant failed to identify any similarly situated comparator without differentiating circumstances, i.e., one who, like the appellant, provided medical documentation indicating that she would not be able to return to duty in the "near future."  ID at 9-12.  She further found that the appellant failed to provide anything more than unsupported allegations to show that the agency removed her based on her age or sex.  ID at 8-13.  She considered the hearing testimony of the deciding and proposing officials and found that they credibly testified that the appellant's age and sex were not factors in their actions.  ID at 10-12.  She also found that the agency's proffered reason was the real reason for the action.  ID at 13.

On review, the appellant argues that the agency failed to provide any evidence to controvert her allegation that it treated certain other employees more favorably and that the proposing and deciding officials failed to articulate a legitimate reason for their discriminatory treatment of the appellant.  PFR File, Tab 1 at 21-22, Tab 5 at 14-15.  Contrary to the appellant's argument that the agency must controvert her allegations of discrimination, it is her burden to show in the first instance that the agency's action was motivated by discriminatory animus.  *See Pridgen*, 2022 MSPB 31, ¶¶ 23-23.  The administrative judge thoroughly considered the appellant's arguments and the evidence as a whole and concluded that she failed to meet her burden.  ID at 8-13.  The appellant's allegation that the proposing and deciding officials failed to articulate a legitimate reason for their actions is likewise unavailing.  As discussed above, the appellant could not perform the duties of her position, and the agency properly referred her for an FFD examination.  Therefore, we find no basis to disturb the

administrative judge's well-reasoned determination that the appellant failed to show motivating factor by preponderant evidence.

<u>The appellant failed to prove her affirmative defense of disability discrimination based on a failure to accommodate.</u>

On review, the appellant argues that the agency discriminated against her by failing to provide her a reasonable accommodation to a position that did not require her to carry her firearm. PFR File, Tab 1 at 23-25. The Rehabilitation Act requires an agency to provide reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship on its business operations. *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 10 (2014). Once such an employee requests a reasonable accommodation, the employer must engage in the interactive process to determine an appropriate accommodation. *Id.*, ¶ 12. An agency's failure to engage in the interactive process alone, however, does not violate the Rehabilitation Act; rather, the appellant must show that this omission resulted in failure to provide reasonable accommodation. *Id.*, ¶ 17. The appellant bears the burden of proving that an accommodation she seeks is reasonable and, when she seeks a reassignment, that there was a position that the agency would have found and to which it could have assigned her if it had looked. *Id.*

Here, the administrative judge found that, although the appellant identified several positions to which she believed she could have been reassigned, she provided no evidence showing that there was a vacant funded position available at the time of her removal. ID at 14. Therefore, the administrative judge concluded that the appellant failed to prove her affirmative defense of disability discrimination based on a failure to accommodate. *Id.*

On review, the appellant argues that the agency failed to conduct an adequate search for a reassignment and that the deciding official's hearing testimony regarding the agency's search was not credible. PFR File, Tab 1

at 24-25. As noted above, however, regardless of whether the agency conducted an adequate search for a reassignment, the appellant still bears the ultimate burden of proving that there was a position that the agency would have found and to which it could have assigned her if it had looked. *Clemens*, 120 M.S.P.R. 616, ¶ 17. The appellant did not identify any available position, and her assertion that she believes the agency failed to search outside of a 50-mile radius is insufficient to meet her burden of proof. *Id*. Thus, we find no basis to disturb the administrative judge's determination that the appellant failed to prove her disability discrimination affirmative defense based on a failure to accommodate.

The agency did not deny the appellant due process or commit harmful error.

The appellant argues on review, as she did below, that the agency violated her right to due process and committed harmful error by allegedly changing the deciding official identified in the proposal notice and by requiring her to provide her oral response to a hearing official, who did not make a final decision on the proposed removal or make a recommendation to the deciding official. PFR File, Tab 1 at 25-28, Tab 5 at 8-10. We find no merit to these arguments.

As the administrative judge correctly found, the agency identified who the deciding official would be in the proposal notice and did not subsequently change the deciding official. ID at 16; IAF, Tab 5 at 31-34, 61. The administrative judge further found, and we agree, that the agency did not violate the appellant's due process rights because it afforded her notice and an opportunity to respond to the proposed action, and the deciding official considered the recording of her oral response and her written response in arriving at his decision to impose the proposed removal. ID at 14-16; IAF, Tab 5 at 31, 36-48, 61, HCD (testimony of the deciding official); *see Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). Lastly, the administrative judge correctly found that the agency did not commit harmful procedural error by designating a hearing official to hear the appellant's oral response because, even if this were error, the appellant failed to show that she was prejudiced by giving her oral response to the hearing

official, rather than the deciding official. *See Salter v. Department of the Treasury*, 92 M.S.P.R. 355, ¶ 7 (2002) (stating that harmful error cannot be presumed and that, to show harmful error, an appellant must prove that any procedural error substantially prejudiced her rights by possibly affecting the agency's decision).

The penalty of removal is reasonable.

Generally, removal for physical inability to perform the essential functions of a position promotes the efficiency of the service. *Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 17 (2014), *overruled on other grounds by Haas*, 2022 MSPB 36, ¶ 14. An action taken for physical inability to perform is considered a nondisciplinary removal, and the appropriate standard in assessing the chosen penalty is whether it exceeded the tolerable limits of reasonableness. *Id.*, ¶ 18. Generally, when an employee cannot perform the essential functions of her position, the Board must examine whether this is true with or without reasonable accommodation and whether the agency has any vacant positions to which it can assign the appellant within her restrictions. *Id.*, ¶ 19.

In the initial decision, the administrative judge found that the appellant's removal was reasonable and promoted the efficiency of the service. ID at 17. She explained that the hearing testimonies of the deciding and proposing officials, as well as the appellant, established that the appellant could not perform the essential duties of her position because of her medical condition and that there were no other vacant positions at the same grade or pay level or below that met her restrictions. *Id.* On review, the appellant argues that her removal was not reasonable because the agency could have accommodated her by moving her to a

Mission Support position and could have provided her additional time to recover.[8] PFR File, Tab 1 at 28.

Although the appellant disagrees with administrative judge's finding that the penalty was reasonable, she has not alleged that she could perform the essential duties of her position. Moreover, she has not cited any evidence in the record to establish that there was a vacant funded position to which she could have been reassigned. Therefore, we find no basis to disturb the administrative judge's well-reasoned determination that removal did not exceed the tolerable limits of reasonableness. *Brown*, 121 M.S.P.R. 205, ¶¶ 17, 22.

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[8] The appellant also argues on review that the penalty was not reasonable because the agency substituted the deciding official with another agency official and because the hearing official did not provide a summary and recommendation to the deciding official. PFR File, Tab 1 at 28. These arguments, which we addressed above and found to be without merit, do not pertain to the reasonableness of the penalty. *See supra* ¶¶ 28-29.

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.